An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GRAND CANAL SHOPS II, LLC, A NEVADA LIMITED-LIABILITY COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE SUSAN SCANN, DISTRICT JUDGE,
Respondents,
and
COLE WILSON AND/OR LCW CONTRACTORS,
Real Parties in Interest.

No. 64629

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING PETITION FOR*
*WRIT OF MANDAMUS OR PROHIBITION*

This original petition for a writ of mandamus, or alternatively prohibition, challenges district court orders denying a motion for summary judgment and granting declaratory relief in an action to enforce a mechanic's lien.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when the district court exceeds its jurisdiction. NRS 34.320. Writ relief is generally available only when there is no plain, speedy, and adequate remedy in the ordinary course of law, and the right to an appeal is typically an adequate legal remedy precluding writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222,

14-24025

224, 88 P.3d 840, 841 (2004). Moreover, it is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Id.* at 228, 88 P.3d at 844.

Having considered the parties' arguments in light of the underlying case's progression since the first challenged order was entered,[1] we are not persuaded that our intervention is warranted. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Pan*, 120 Nev. at 228, 88 P.3d at 844. Among other reasons, petitioner has an adequate legal remedy in the form of an appeal from a final judgment. *Pan*, 120 Nev. at 224, 88 P.3d at 841. Consequently, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]The motion filed by real parties in interest on May 20, 2014, to supplement the record is granted, as is petitioner's June 9, 2014, motion for leave to supplement its writ petition. Accordingly, in resolving this matter, we have considered the district court's May 2, 2014, order that was attached to the May 20 motion, as well as the supplemental writ petition and appendix that were attached to the June 9 motion.

cc: Hon. Susan Scann, District Judge
Ballard Spahr, LLP
Peel Brimley LLP/Henderson
Eighth District Court Clerk